UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NATHANIEL SIMS, #93-A-3573,

       Plaintiff,

vs.

CORRECTIONS OFFICER ELLIS, et al.,

       Defendants.

_____

DECISION AND ORDER

15-CV-6355 CJS

    **Siragusa. J.** This is an action in which the pro se plaintiff, a prison inmate, is suing pursuant to 42 U.S.C. § 1983, asserting Eighth Amendment claims involving cruel and unusual punishment.  Now before the Court is defendants' motion to dismiss plaintiff's complaint pursuant to Rule 11 of the Federal Rules of Civil Procedure, or in the alternative, for an order revoking Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), and staying any further action in this case. Defendants point out several prior lawsuits which they contend should be counted as "strikes" pursuant to § 1915(g).

    The first case is *Sims v. Barkley*, No. 95-CV-4527-TPG (S.D.N.Y. Jun. 16, 1995). The case was commenced on June 16, 1995, by Nathaniel Sims, with a Department Identification Number ("DIN")[1] of 93 A 3573, Southport Correctional Facility, Pine City, New York.

---

[1] The Department's web site explains how a DIN is assigned as follows:

Department Identification Number (DIN)
A DIN is assigned to each inmate admitted to the Department of Corrections and Community Supervision. This is an internal number used as an identifier for the inmate while he or she is in the custody of the Department. The DIN has three parts; a 2-digit number, a letter, and a 4-digit number. The three portions of the DIN number are:

Part    Description
Year   The year of the inmate's initial admission to the Department for the current incarceration.
Letter  Indicates the DOCS reception center at which the inmate was originally admitted for the current incarceration - in most cases.

Def.s' Ex. A. According to the New York State Department of Corrections and Community Supervision's ("DOCCS") Inmate Locator, that DIN relates to a black male in custody named Nathaniel Sims who was received originally into the prison system on May 13, 1993, and has a sentence of 19 years, 3 months, 10 days to life for convictions of robbery in the second degree and assault in the second degree. In his response to Defendants' motion, Plaintiff claims that he filed no lawsuit as Nathanial Sims DIN 93 A 3573 prior to filing one in the Northern District in 1996. The present lawsuit was filed in this Court on June 10, 2015, by Nathaniel Sims 93 A 3573.

If the 1995 Southern District of New York case was filed by the same Nathaniel Sims 93 A 3573, it would be a strike. That case was dismissed pursuant to 28 U.S.C. § 1915(d), which at the time, provided for dismissal "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989). The statute has been modified since then. Sims appealed from that dismissal, but the Second Circuit issued an Order, the docket entry for which reads as follows:

> A motion having bee[n] made herein by appellant pro se for a certificate of probable cause, leave to proceed in forma pauperis, assignment of counsel, a stay of the district court judgment, and release from confinement, upon consideration thereof, it is ordered that said motion be and it hereby is denied and the appeal is dismissed. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). (JDM, PNL, GC) (pr25)

Court of Appeals Docket # 95-2419, *Sims v. Barkley* (2d Cir. Jul. 28, 1995). Based on this evidence from the docket sheets of the two courts, this Court is satisfied that this dismissal

---

Sequence    A sequentially assigned number within the reception center.

Example: 98-A-0004
This DIN would have been assigned to an inmate whose incarceration began in 1998 and who was the 4th inmate admitted to Downstate Reception Center in 1998." NYS Department of Corrections and Community Supervision,   http://www.doccs.ny.gov/univinq/fpmsdoc.htm#din (last visited Feb. 25, 2016).

at the district court level, counts as a strike pursuant to 28 U.S.C. 1915(g) (2016), and that the dismissal at the circuit court level is a second strike pursuant to the same statute.

The second case is *Sims v. Wilhelm*, No. 94-CV-3042-TPG (S.D.N.Y. Apr. 25, 1994). Def.s' Ex. B. That case, filed on April 25, 1994, by Nathaniel Sims 93 A 3573, was also dismissed pursuant to 28 U.S.C. § 1915(d) with a certification by the issuing judge that any appeal would not be taken in good faith. Sims did not appeal that dismissal. "The district court may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." *Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir. 2010). The docket entry's reference to § 1915(d) and certification that any appeal would not be taken in good faith are sufficient indicia that the complaint was dismissed as frivolous, malicious, or failed to state a claim. Therefore, this case also counts as a strike pursuant to 28 U.S.C. § 1915(g), assuming that it was filed by the same Nathaniel Sims 93 A 3573.

The third case raised by Defendants is *Sims v. Keane*, No. 91-CV-1121-LLS (S.D.N.Y. 2001). Def.s' Ex. C. It was filed on February 15, 1991, by Nathaniel Sims, 93 A 3573, Southport Correctional Facility, Pine City, New York. The case was dismissed on March 2, 1992, "as frivolous within the meaning of 28 U.S.C. § 1915(d)" and the district court also ruled that any appeal would not be taken in good faith. Def.s' Ex. C, ECF No. 28. Plaintiff appealed and the Second Circuit dismissed the appeal. This case then is at least one more strike, possibly two.

The fourth case raised by Defendants is *Sims v. Ware*, No. 97-CV-6179-CJS (W.D.N.Y. 1998). The case was filed by Nathaniel Sims, 93 A 3573, Marcy Correctional Facility, Marcy, New York, on April 28, 1997, before the undersigned. This Court dismissed the complaint in

a Decision and Order entered on March 24, 1998, and directed the Clerk to docket the dismissal as a "strike." Therefore, this dismissal would also count as a strike pursuant to 28 U.S.C. § 1915(g).

The record presented by Defendants shows that Nathaniel Sims 93 A 3573 has accumulated three or more strikes. Plaintiff, however, contests that the Nathaniel Sims 93 A 3573 who filed those lawsuits is the same Nathaniel Sims 93 A 3573 who is the plaintiff in the present lawsuit. Official records are entitled to a presumption of regularity, and it is the plaintiff's burden to overcome that presumption. Plaintiff has not done so. Courts in this Circuit routinely rely on the DIN assigned by DOCCS to determine whether a particular litigant has previously filed a lawsuit. The Court relies on that number now to determine that Plaintiff is not entitled to continue proceeding as a poor person, but must, instead, either pay the full filing fee, or face dismissal of the lawsuit pursuant to 28 U.S.C. § 1915(g). Although the allegations in his complaint assert he was physically and sexually abused, Plaintiff has not alleged that he is "under imminent danger of serious physical injury." *Id*. Therefore, it is hereby

ORDERED, that Defendants' motion to dismiss, and for sanctions, ECF No. 12, pursuant to Federal Rule of Civil Procedure 11, is denied, and the alternative relief for an order revoking Plaintiff's *in forma pauperis* status, is granted; and it is further

ORDERED, that Plaintiff's *in forma pauperis* status is revoked; and it is further

ORDERED, that Plaintiff shall have until **March 30, 2016**, to pay the full filing fee of $400.00 to the Clerk of Court, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614; and it is further

ORDERED, that Plaintiff's failure to pay the filing fee shall result in dismissal of this case without prejudice and without further order of the Court; and it is further

ORDERED, that Plaintiff's application for an order compelling discovery, ECF No. 19, is denied without prejudice to renewal at an appropriate time.

DATED: March 2, 2016
       Rochester, New York

<u>/s/ Charles J. Siragusa</u>
CHARLES J. SIRAGUSA
United States District Judge