UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NATHANIEL SIMS,

                       Plaintiff,              DECISION AND ORDER

-vs-

                                               15-CV-6355 (CJS)

ANDREW ELLIS, ROBERT MOSKO, K. FOOSE,
DAVID WADE, and THOMAS COREY,

                       Defendants.
_____

      Before the Court is Defendants' letter request seeking leave to file a second summary judgment motion to dismiss the claims against Defendants Mosko, Foose, Wade and Corey on the grounds that they lacked the opportunity to intervene. Mot., Dec. 21, 2021, ECF No. 91. The Court construes this letter request as a motion for clarification of the Court's text order entered on December 21, 2021. The text order at issue denied Defendants' Motion for Sanctions [ECF No. 57] and Plaintiff's Motion for Miscellaneous Relief [ECF No. 58] per the Court's discussion with the parties on the record at a pre-trial status conference. Text Order, Dec. 21, 2021, ECF No. 90. The text order also denied Defendants' Motion for Summary Judgment [ECF No. 46] as moot on the grounds that Plaintiff conceded to the dismissal of his claims of physical assault.

      Defendants now state that "[t]he dismissal of the physical assault claim leads to a situation of uncertainty as to the status of all [Defendants] other than CO Ellis, who plaintiff alleges committed the strip frisk" which is at the heart of Plaintiff's sexual assault claim. Mot., ECF No. 91. Defendants note that Plaintiff testified at his deposition that "the alleged assault occurred over a period of 'three seconds.'" *Id.* Therefore, Defendants acknowledge that CO Ellis – who is alleged to have inserted his finger in Plaintiff's anus – should be a party to the case. Yet they maintain that all other Defendants should be dismissed from the case because,

as a matter of law, three seconds is not a sufficient opportunity to intervene to prevent the sexual abuse or otherwise protect Plaintiff. Mot., ECF No. 91.

For the reasons set forth below, the Court grants Defendants' motion [ECF No. 91] for clarification of the Court's December 21 text order [ECF No. 90] with respect to Defendants' motion for summary judgment only. In addition, after further consideration of the arguments set forth in Defendants' motion for summary judgment [ECF No. 46], the Court denies the motion as moot with respect to Plaintiff's claims of physical assault and sexual assault, and denies summary judgment on the merits with respect to Plaintiff's failure to protect claim.

## MOTION FOR CLARIFICATION

"[T]here is no Federal Rule of Civil Procedure specifically governing 'motions for clarification.'" *Frommert v. Conkright*, 00-CV-6311L, 2017 WL 952674, at *3 (W.D.N.Y. Mar. 10, 2017) (quoting *University of Colorado Health at Mem. Hosp. v. Burwell*, 164 F. Supp.3d 56, 61 (D.D.C. 2016)). However, "[w]hen a court ruling is unclear or ambiguous, the issuing court may grant the motion and provide additional clarification modifying that ruling or order after providing other parties an opportunity to respond." *Fero v. Excellus Health Plan, Inc.*, 502 F. Supp.3d 724, 747 (W.D.N.Y. 2020) (quoting *Metcalf v. Yale Univ.*, No. 15-CV-1696 (VAB), 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019)). "Unlike a motion for reconsideration, a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *Id.*; *see also Deutsche Bank Nat'l Tr. Co. v. WMC Mortg., LLC*, No. 12-CV-1699-CSH, 2015 WL 11237310, at *6 (D. Conn. July 6, 2015) ("A clarification motion asks the Court: 'What did you mean to say?' A reconsideration motion says to the Court: 'We know what you said. It is wrong. Change it.'").

Here, the Court finds merit in Defendants' motion for clarification of the Court's text order of December 21, 2021. ECF No. 90. In particular, the Court notes that in denying Defendants' motion for summary judgment as moot, the Court was not sufficiently clear

2

regarding the status of Plaintiff's failure to protect claim. Compl., 10, June 10, 2015, ECF No. 1. In their original motion for summary judgment, Defendants did not seek dismissal of Plaintiff's sexual assault claim, but they did challenge his claims of physical assault and failure to protect. Defs. Mem. in Supp., 6–9, Nov. 21, 2018, ECF No. 46-4. The Court's text order only expressly addressed the physical assault and sexual assault claims; the order made no mention of Plaintiff's failure to protect claim. ECF No. 90.

Accordingly, Defendants' motion for clarification [ECF No. 91] of the Court's December 21, 2021 text order is granted only with respect to Defendants' motion for summary judgment. *See* ECF No. 46.

## MOTION FOR SUMMARY JUDGMENT

Summary judgment may be granted only if the submissions of the parties taken together "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998).

In their motion for summary judgment, Defendants argue that Plaintiff's failure to protect claim should be dismissed because he failed to properly grieve the claim, and because "where, per Plaintiff's own version of events, the entire alleged sexual assault took three seconds, . . . Defendants cannot, as a matter of law, be liable for failing to protect him." Def. Mem. in Suppt. at 9 (citing *Tucker v. Hayes*, 2007 U.S. Dist. LEXIS 90232, at *7 (D.

3

Conn. Dec. 10, 2007)). Defendants made a similar argument at the pre-trial conference held on December 14, 2021, and they reiterate that argument in their motion for clarification. Min. Entry, Dec. 14, 2021, ECF No. 89; Mot. at ECF No. 91.

The Court has thoroughly reviewed Defendants' submissions, but declines to grant summary judgment on Plaintiff's failure to protect claim. To begin with, given Defendants' concession that Plaintiff sufficiently grieved his sexual assault claim, the Court will allow the failure to protect claim to go forward, as well. Directive 4040 of the New York Department of Corrections and Community Supervision states that "[c]onsistent with . . . the Prison Rape Elimination Act (PREA) Standards (28 C.F.R. § 115.52(a)), an inmate is not required to file a grievance concerning an alleged incident of sexual abuse or sexual harassment to satisfy the Prison Litigation Reform Act (PLRA) exhaustion requirement (42 U.S.C. § 1997e(a)) before bringing a lawsuit regarding an allegation of sexual abuse . . . ." N.Y.C.C.R.R., tit. 7, § 701.3(i). Bearing that in mind, the Court agrees with multiple other courts in this Circuit that have held that "while it is true that not all grievances by inmates are covered by Directive 4040, conduct that is specifically related to the act of sexual abuse, such as a failure to intervene and protect that abuse, could be reasonably interpreted by the inmate as being covered by the Directive." *Sheffer v. Fleury*, 2019 WL 3891143, at *4 (N.D.N.Y. Aug. 19, 2019). *See also Henderson v. Annucci*, 2016 WL 3039687, at *5 (W.D.N.Y. Mar. 14, 2016), *report and recommendation adopted*, 2016 WL 3031353 (W.D.N.Y. May 27, 2016) ("[a]n inmate would be placed in an untenable position if he were required to adjudicate whether his allegations of sexual assault were sufficient under PREA prior to relying upon the language in Directive 4040 . . . .").

Moreover, as the Court indicated at the pre-trial conference, at this stage of the litigation it is appears to the Court that the conduct alleged of the Defendants is "part and parcel" of the sexual assault claim. *See, e.g., Telesford v. Wenderlich*, No. 16-CV-6130 CJS, 2018 WL 4853667, at *10–12 (W.D.N.Y. Oct. 5, 2018) (allowing a failure to protect claim

4

against one corrections officer proceed to trial along with the sexual abuse claim against a second corrections officer where the two claims arose out of a single incident involving a strip search). As the Court has previously explained:

> The Eighth Amendment proscribes the "'unnecessary and wanton infliction of pain'" on prisoners by prison officials. *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir.1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) . . . . A prisoner injured while in custody may recover for violation of his Eighth Amendment rights if the injury resulted from the defendant prison official's purposeful subjection of the prisoner to a "substantial risk of serious harm" or from the official's deliberate indifference to that risk. *Id*. at 834; *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir.1996).

*Williams v. Russo*, No. 01-CV-6401, 2009 WL 185758, at *3 (W.D.N.Y. Jan. 26, 2009).

While Plaintiff testified at his deposition that CO Ellis' finger was in his anus for only about three seconds, he also suggested that the other Defendants accompanying CO Ellis and Plaintiff to the infirmary were aware that an assault would take place. *See, e.g.,* Defs. Ex., 44:14-17, Jan. 5, 2022, ECF No. 92 ("the tape miraculously it had not recorded anything . . . but I believe it was because [CO] Ellis told him to turn it off."). It may well be that the evidence ultimately shows that Defendants lacked the opportunity to intervene to protect Plaintiff or that Plaintiff did not need protecting, but it may also be that Defendants "purposefully subjected" Plaintiff to CO Ellis's sexual assault. That factual issue must be determined at trial. *See Abreu v. Miller*, No. 915CV1306TJMDJS, 2018 WL 4502007, at *2 (N.D.N.Y. Sept. 20, 2018), *order amended and superseded on other grounds on reconsideration*, No. 915CV1306TJMDJS, 2019 WL 761639 (N.D.N.Y. Feb. 21, 2019) ("whether there were two discrete acts, or a single sexual assault . . . cannot be answered on the papers.").

Accordingly, it is hereby

ORDERED, that Defendants' motion for clarification [ECF No. 91] is granted with respect to the Court's denial of the Defendants' motion for summary judgment on December

21, 2021; and it is further

ORDERED, that Defendants' motion for summary judgment [ECF 46] is denied as moot with respect to Plaintiff's physical assault and sexual assault claims, and is denied on the merits with respect to Plaintiff's failure to protect claim.

The parties are directed to contact the Court to schedule a final pre-trial conference on the two remaining claims: sexual assault and failure to protect.

SO ORDERED.

**Dated**:   February 14, 2022
            Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge